**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

OCT 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-15872 |
| Plaintiff-Appellee, | D.C. Nos.    2:13-cv-02343-MMD<br>2:11-cr-00438-MMD-<br>CWH-1 |
| v. | |
| DARREN LAMONT MCCOY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted October 15, 2018**
San Francisco, California

Before:  HAWKINS and HURWITZ, Circuit Judges, and ROSENTHAL,***District Judge.

---

*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***  The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Darren McCoy ("McCoy") pled guilty to Hobbs Act robbery and possession of a firearm during, in relation to, and in furtherance of a crime of violence, and received a 25-year sentence. He challenged that sentence under 28 U.S.C. § 2255. After an evidentiary hearing, the district court denied his challenge.[1] McCoy now appeals the district court's decision. We affirm.

On appeal, McCoy argues (1) the district court erred in failing to find McCoy did not understand the terms of a 15-year federal plea deal he rejected before ultimately pleading guilty, and (2) his trial counsel rendered ineffective assistance by failing to affirmatively remedy his incorrect belief that the 15-year federal offer was contingent on his simultaneous acceptance of an offer by state prosecutors to resolve his pending state charges with a 20-year sentence.

The district court's factual findings were not erroneous. It was not "illogical" for the district court to decline to find that McCoy was confused about the terms of the 15-year federal offer. *See United States v. Christensen*, 828 F.3d 763, 778 (9th Cir. 2015).

Nor was there error in holding that McCoy's trial counsel performed adequately. McCoy's trial counsel adequately communicated the 15-year federal deal

---

[1] *See United States v. McCoy*, No. 2:11-cr-00438-MMD-CWH, 2017 WL 1375172 (D. Nev. Apr. 14, 2017); *United States v. McCoy*, No. 2:11-cr-00438-MMD-CWH, 2014 WL 2612279 (D. Nev. June 11, 2014).

2

to McCoy when she accurately presented the terms of the deal, discussed the deal with him, and urged him to accept it. *See United States v. Rivera-Sanchez*, 222 F.3d 1057, 1060 (9th Cir. 2000). She explained that the federal and state proceedings were "different" and "separate," and urged him to discuss his state case with his state case lawyer. We do not consider McCoy's argument, raised for the first time on appeal, that he did not understand his counsel's explanation about the relationship between the two deals. *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("As a general rule, we do not consider an issue raised for the first time on appeal . . . .").

**AFFIRMED.**